UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21969-BLOOM
(Case No. 22-cr-20438-BLOOM-1)

DIDIER PEREZ PEREZ,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER ON MOTION TO VACATE UNDER 28 U.S.C. § 2255

**THIS CAUSE** is before the Court on Movant Didier Perez Perez's ("Movant") *pro se* Motion to Vacate Under 28 U.S.C. § 2255. ECF No. [1]. Movant collaterally attacks his conviction and sentence in his underlying criminal case, Case No. 22-cr-20438-BLOOM-1.[1] Respondent United States of America filed a Response in Opposition, ECF No. [6], and Movant filed a Reply, ECF No. [7]. The Court has carefully considered the Motion, the briefing, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Motion is **DENIED**.

### I.     BACKGROUND

On August 10, 2023, a federal grand jury returned a Superseding Indictment charging the Movant — along with co-conspirators Yoandy Alonso, Lester Leyniel Soca-Diaz, and Yandrey Negrin Rojas — with sixteen counts arising out of a broader conspiracy: (1) one count of conspiracy to transport and harbor aliens for profit, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i) (Count 1); (2) seven counts of transporting aliens for profit, in violation of 8 U.S.C

---

[1] References to docket entries in Movant's criminal case are denoted with "CR ECF No."

§§ 1324(a)(1)(A)(ii) and (a)(1)(B)(i) (Counts 2-8); (3) one count of conspiracy to commit hostage taking, in violation of 18 U.S.C. § 1203(a) (Count 9); and (4) seven counts of hostage taking, in violation of same (Counts 10–16). *See generally* CR ECF No. [47].

On February 2, 2024, the Movant pled guilty to Counts 1-8 of the Superseding Indictment. *See* CR ECF No. [98]. At his change-of-plea hearing, the Movant was placed under oath and testified that he had spoken with his attorney "about the charges against" him, the "type of evidence the government may have against" him, "any possible defenses [he] may have[,]" and "the decision whether to plead guilty to [the] charges" against him "or to go to trial[.]" CR ECF No. [100] at 29-30. Movant further swore that he was "fully satisfied with the representation and advice" of his attorney, *id.* at 30:18-21, and understood that his attorney's predictions on what his "ultimate sentence [was] going to be" were "not binding on the Court" and thus did "not give [him] the right to withdraw [his] plea if [his] estimate[ ] [was] incorrect[,]" *id.* at 32:11-17. Moreover, Movant swore that he was "pleading guilty to [Counts 1-8] because [he] did, in fact, commit those offenses[.]" *Id.* at 35. The Court determined that Movant was "fully competent and capable of entering an informed plea," that he was "aware of the nature of the charge[s] and the consequences of the plea," and that his plea was "freely, knowingly, and voluntarily entered, and . . . supported by an independent basis in fact[.]" *Id.* at 40-41.

Several months later, on April 8, 2024, the Movant pled guilty to Counts 9-16, the remaining counts in the Superseding Indictment. *See generally* CR ECF No. [168]. In a written plea agreement, the Government and Movant agreed to recommend that Movant "be sentenced to twelve years' imprisonment, followed by supervised release to be determined by the Court." *Id.* ¶ 6. Movant further "waive[d] all rights . . . to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence

exceed[ed] the maximum permitted by statute" or exceeded "the advisory guideline range that the Court establish[ed] at sentencing." *Id.* ¶ 11.

At the change-of-plea hearing, the Court reviewed both the terms of the plea agreement and the factual proffer with Movant. *See* CR ECF No. [208] at 12-17, 19-24. Movant was again placed under oath and testified that he had "spoken to [his] attorney about the plea agreement and about the decision whether to plead guilty or go to trial" and that he was "fully satisfied with the representation and advice" his attorney provided. *Id.* at 10:19-11:2. Once again, he affirmed that his attorney's prediction on his "ultimate sentence" was "not binding on the Court[.]" *Id.* at 12:21-13:3. He further testified that he understood he was waiving his right to appeal his sentence unless the Court departed from the statutory maximum or if the sentence exceeded his advisory guidelines range. *See id.* at 16-17.

As part of that same change-of-plea proceeding, the Court reviewed the factual proffer with Movant. *See id.* at 19-24. The proffer stated, among other things, that Movant communicated with a detained victim's friend and coordinated the location for the exchange of said victim in return for cash and a gold chain. *See id.* at 21; *see also* CR ECF [169] at 3. The proffer further stated that "several of the victims identified [Movant] as . . . carrying a firearm." CR ECF No. [208] at 24:18-19. After the factual proffer was recited in open court, the Court asked Movant whether he had committed the conduct described therein, and the Movant responded, "Yes[.]" *Id.* at 24:20-21. As before, the Court determined that Movant was "fully competent and capable of entering an informed plea," that he was "aware of the nature of the charges and the consequences of his plea," and that his plea was "freely, knowingly, and voluntarily entered" and "supported by an independent basis in fact[.]" *Id.* at 26:15-22.

Movant's advisory guidelines range was life imprisonment, as the Presentence Investigation Report had calculated his total offense level to be 43. CR ECF No. [329] at 6. Pursuant to the written plea agreement, the parties jointly recommended a 144-month sentence. *Id.* at 7:18-19. The Court nevertheless imposed a sentence below the parties' recommendation and sentenced Movant to 120 months' imprisonment. *Id.* at 11; *see also* CR ECF No. [255]. It did so in part to "avoid[ ] any unwarranted sentencing disparities[.]" CR ECF No. [329] at 11:18-25. Co-conspirators Alonso and Soca-Diaz, who likewise pleaded guilty to Counts 1-16 in the Superseding Indictment, also received 120-month sentences. *See* CR ECF Nos. [249], [256]. Negrin Rojas, the leader of the conspiracy, received a 97-month sentence, although he pleaded guilty to only Counts 1–8 of the Superseding Indictment. *See* CR ECF No. [250]. A jury in this District found Negrin Rojas not guilty of Counts 9–16. *See* CR ECF No. [199].

## II.    LEGAL STANDARD

### A.    <u>Standard of Review Under 28 U.S.C. § 2255</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are limited. *See Lynn v. United States*, 365 F.3d 1232 (11th Cir. 2004). A prisoner is entitled to relief under § 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). The burden of proof is on the movant — not the government — to establish that the sentence must be vacated. *Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

### B.  Ineffective Assistance of Counsel Principles

To prevail on a claim of ineffective assistance of counsel, a movant must show that her attorney's efforts fell below constitutional standards and that she suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668 (1984). To establish deficient performance, the movant must show that "no competent counsel" would have taken the action counsel took. *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citation omitted). To establish prejudice, the movant must show a "reasonable probability" that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. If the movant cannot meet one of *Strickland*'s prongs, the Court need not address the other prong. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### III.   DISCUSSION

### A.  Ground One

In Ground One, Movant presents three subclaims of ineffective assistance of counsel: (1) his attorney "ignored the disparity of sentence" between him and a lead co-conspirator who "receive[d] [a] less[er] sentence" ("Subclaim One"); (2) his trial attorney "refuse[d] to obtain" a witness's written statement ("Subclaim Two"); and (3) his lawyer "charge[d] for a detective" who never appeared or "present[ed] any evidence" ("Subclaim Three"). ECF No. [1] at 4. For the reasons below, all three subclaims are meritless.

### 1.  Subclaim One

Movant claims his conviction is constitutionally defective because his trial counsel ignored a sentence disparity between his sentence and that of a lead co-conspirator. The Court finds this ground unavailing for two reasons.

First, Movant waived his right to appeal any sentence imposed in his plea agreement. *See* CR ECF No. [168] ¶ 11. A valid sentence-appeal waiver, when entered "voluntarily and knowingly" pursuant to a plea agreement, "precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (listing cases).

Second, Movant's sentence disparity claim fails on the merits because he cannot show prejudice. *See Arbelaez v. Crews*, 43 F. Supp. 3d 1271, 1298 (S.D. Fla. 2014) ("Under *Strickland*, a [movant] pursuing a claim of ineffective assistance of counsel must also demonstrate prejudice." (citation omitted)). Movant does not assert, nor can he, that his sentence exceeded any statutory maximum. Movant faced a maximum term of life in prison, and he agreed with the Government to recommend a 144-month sentence. The Court sentenced Movant *below* that recommendation to a 120-month term in prison. *See* CR ECF No. [329] at 11. In such cases, "the severity of a sentence within statutory limits may not be reviewed" in a § 2255 motion to vacate "because it raises no constitutional or statutory question." *Nelson v. United States*, 709 F.2d 39, 40 (11th Cir. 1983); *see also Castle v. United States*, 399 F.2d 642, 652 (5th Cir. 1968) (stating that recent court decisions "agree that 'a sentence within the statutory limits is not reviewable on appeal and does not ascend to the orbit of a constitutional violation'" (internal citations omitted)). It follows that Movant cannot show he was prejudiced by his trial counsel's performance because his ten-year sentence "was well below the maximum sentence he was subjected to." *Reddick v. United States*, No. 04-CR-163, 2008 WL 11510651, at *5 (M.D. Fla. May 1, 2008); *see also Mackey v. United States*, No. 20-CV-61610, 2021 WL 3110081, at *10 (S.D. Fla. July 22, 2021) ("Because his sentence was below the statutory maximum, Petitioner cannot show prejudice.").

To succeed on his sentence-disparity claim, Movant would have to show that Negrin was similarly situated to him. *See, e.g.*, *Willis v. United States*, No. CV-612-089, 2013 WL 393013, at *3 (S.D. Ga. Jan. 30, 2013) (denying the movant's claim that "his sentence [was] unduly disparate from his co-defendants" and that his counsel "was ineffective for failing to raise it at sentence" because "no co-defendant stood similarly situated to him, which is an indispensable prerequisite to such a claim" (citing *United States v. DoCampo*, 573 F.3d 1091, 1101-02 (11th Cir. 2009)), *report and recommendation adopted*, 2013 WL 788775 (S.D. Ga. Feb. 28, 2013); *see also DoCampo*, 573 F.3d at 1101-02 ("Docampo also asserts that his sentence was unreasonable based on the disparity between his federal sentence of 270 months of imprisonment and Powell's and Luengas's sentences of probation in state court, but we again disagree. 'A well-founded claim of disparity, however, assumes that apples are being compared to apples.'" (quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005)))). As Negrin Rojas was convicted of fewer counts, Movant cannot show that he is a similarly situated co-defendant. While Movant pled guilty to Counts 1-16 of the Superseding Indictment, Negrin Rojas was only convicted of Counts 1-8.

Significantly, the Court considered "the ultimate sentence received by Mr. Negrin Rojas," the "leader of th[e] conspiracy," in its attempt to "impose a sentence that avoid[ed] any warranted sentencing disparities." CR ECF No. [329] at 11:18-25. Movant plainly fails to demonstrate that his sentence would have been less than the one he received but for his counsel's alleged ineffective assistance. *See Hernandez v. United States*, No. 09-cr-0303, 2012 WL 5287044, at *2 (N.D. Ga. Oct. 22, 2012) (rejecting the movant's sentence-disparity claim, stating that, "[a]lthough Movant believes that his sentence was unreasonable, he has not shown that he would have received a lighter sentence but for counsel's alleged ineffectiveness during sentencing"). Subclaim One therefore fails on the merits.

### 2. Subclaims Two and Three

Movant asserts that his trial counsel rendered ineffective assistance by refusing to obtain a witness's written statement. In Subclaim Three, he further contends that counsel performed deficiently by charging for a detective who neither appeared nor produced any evidence. For the reasons below, both subclaims fail.

It is well settled that a movant's guilty plea forecloses review of "all non-jurisdictional defects in the proceedings against him[.]" *United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998) (holding that the defendant waived his right to raise his non-jurisdiction "sufficiency of the evidence" challenge by pleading guilty (citing *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986))); *see also United States v. Christopher*, 250 F. App'x 970, 972 (11th Cir. 2007) (concluding that the defendant "waived the ability to bring [a] non-jurisdictional claim by virtue of her knowing and voluntary guilty plea" (citations omitted)). Once a defendant enters a guilty plea, "only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (citing *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Unit B 1981)).

Accordingly, Subclaims Two and Three are barred because they concern pre-plea issues "not about [Movant's] *decision* to plead guilty" — in other words, whether his guilty plea was knowingly and voluntarily entered. *Wilson*, 962 F.2d at 997 (emphasis added) (affirming the dismissal of the defendant's ineffective assistance claim without an evidentiary hearing as his claim "involved pre-plea issues" unrelated to entry into the plea agreement). Subclaims Two and Three therefore fail.

**B.  Ground Two**

In Ground Two, Movant asserts as follows:

The leader in the indictment went to trial and the jury do [sic] not found guilty of taking hostage, not only is an acquital [sic] conduct but disparaty [sic] in the sentece [sic] in which I was charge [sic] of taking hostage and receive 4 years more than the leader.

ECF No. [1] at 5.

Movant argues his conviction is unconstitutional because the lead co-conspirator in his case was acquitted of hostage taking, which supposedly led to a sentencing disparity between his sentence and Movant's. The Court finds that this Ground is duplicative of Movant's sentence-disparity claim in Ground One, and it is denied accordingly.

To the extent Movant claims that his co-conspirator's acquittal renders him innocent of the same conduct, this claim is rejected. In his factual proffer, Movant admitted that the facts contained therein were "sufficient to prove the guilt of the [Movant] as to the crimes of Conspiracy to Commit Hostage Taking . . . and Hostage Taking" in violation of 18 U.S.C. § 1203(a). CR ECF No. [208] at 6. Movant stated under oath that he understood he was pleading guilty to the hostage taking charges, and the Court will not disturb his sworn testimony. *See Smith v. Fla. Dep't of Corr.*, No. 21-CV-61981, 2023 WL 1991726, at *8 (S.D. Fla. Feb. 14, 2023) ("Solemn declarations in open court carry a strong presumption of verity[.]" (citing *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014))).

**C.  Ground Three**

In Ground Three, Movant asserts a *Brady*[2] violation. ECF No. 1 at [8]. He claims that the Government withheld witness statements "in which each statement contradicted each other" and thus would have been "exculpatory evidence." *Id.* Ground Three fails because Movant has failed

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

to set forth a viable *Brady* violation.[3] "[T]o prove a *Brady* claim, [Movant] must show: (1) suppression by the prosecution (2) of exculpatory evidence (3) material to the issues at trial or sentencing." *Johnson v. Alabama*, 256 F.3d 1156, 1189 (11th Cir. 2001) (internal quotations omitted). Movant must also establish that he "did not possess the evidence nor could he have obtained it himself with any reasonable diligence," *Chandler v. Moore*, 240 F.3d 907, 915 (11th Cir. 2001) (citations omitted), and "a reasonable probability . . . that the outcome of the proceedings would have been different," *Routly v. Singletary*, 33 F.3d 1279, 1285 (11th Cir. 1994).

Movant offers only the bare assertion that the "prosecutor with[eld] writ[ten] statement[s] of witnesses" that "contradicted each other," which he labels "exculpatory evidence." ECF No. [1] at 7. That skeletal allegation falls well short of stating a viable *Brady* claim. To begin with, Movant never identifies the allegedly inconsistent statements themselves, which dooms his *Brady* claim at the outset. *See, e.g.*, *Raheed v. Smith*, No. 05-CV-629, 2006 WL 1980248, at *11 (N.D. Ga. July 11, 2006) (rejecting a *Brady* claim where the petitioner "presented only hypothetical" rather than "actual[ ] evidence").

Nor does Movant even explain how the purported inconsistencies between these supposed statements amount to exculpatory evidence. At most, inconsistencies between witness statements might undermine the declarants' credibility, but they do not, without more, establish exculpation.

---

[3] The Eleventh Circuit has recognized that "the rule that a defendant who pleads guilty waives all non-jurisdictional defenses is not absolute." *United States v. Matthews*, 168 F.3d 1234, 1242 (11th Cir. 1999). In *Matthews*, the court expressly declined to decide "whether a guilty plea waives a defendant's claims under *Brady*," or, if not, whether the government must learn of the *Brady* material before the plea rather than merely before sentencing. *Id.* Proceeding on the assumption that the guilty plea did not waive the *Brady* claim and that the prosecution learned of the information before sentencing, the court nonetheless rejected the defendants' arguments because any alleged error was "harmless." *Id.* at 1243. Here, the Court need not resolve that waiver question here. Because Movant has not presented a viable *Brady* claim in the first place, there is no occasion to decide whether such a claim would have been waived by his guilty plea. *See, e.g.*, *Nance v. United States*, No. 14-CR-6, 2017 WL 4392880, at *10 (S.D. Ga. Oct. 3, 2017), *report and recommendation adopted*, 2017 WL 5197023 (S.D. Ga. Nov. 9, 2017).

*Cf., e.g., United States v. Williams*, 824 F. App'x 750, 755 (11th Cir. 2020) (concluding that the defendant had "not stated a viable *Brady* claim" where the suppressed material was "best categorized as impeachment evidence"); *see also Wright v. Sec'y, Fla. Dep't of Corr.*, 761 F.3d 1256, 1281 (11th Cir. 2014) (recognizing that "a *Brady* claim fails when it is only speculative that the materials at issue would have led to exculpatory information" (citation omitted)).

 Finally, Movant fails to allege how these inconsistencies were material to either his trial or his sentencing, and he likewise fails to show that he lacked — and could not have obtained through reasonable diligence — access to the statements himself. *See generally* ECF No. [1]. Ground Three therefore fails as insufficiently pled.

### D.  <u>Ground Four</u>

Lastly, Movant states Ground Four as follows:

> The government presented statement that petitioner was the individual that makes the phone calls to the victims [sic] families requesting U.S. currency, also presented statement that the victims observe [sic] petitioner with a firearm in his possessions, [sic] this statements [sic] are completly [sic] 100% wrong and inflamatory [sic].

ECF No. 1 at [8]. Movant's retreat from the record is not well taken. As an initial matter, Movant's factual proffer does not reflect that he spoke with a victim's family members. *See generally* CR ECF No. [169]. Movant cannot assert now, however, that he never spoke with a victim's *friends.* Indeed, Movant agreed that he "spoke to Victim 1's friend" and that, after the co-conspirators arranged with said victim for payment of "$5,000 in cash and a gold chain" to be exchanged, Movant "coordinated the location of the exchange during the calls with Victim 1's friend." *Id.* at 3. Movant further agreed that several victims observed him with firearms, contrary to what he alleges now. *See id.* at 5. Movant swore under oath at his plea colloquy that the statements in the factual proffer were accurate, and the Court has no reason to doubt that testimony. *See* CR ECF No. [208] at 19:22-24:21; *see also United States v. Nelson*, 442 F. App'x 496, 497 (11th Cir. 2011)

("[T]here is a strong presumption that statements made during a plea colloquy are true."). Ground Four is therefore belied by the record.

### IV.     EVIDENTIARY HEARING

Movant is not entitled to an evidentiary hearing because he has not alleged specific facts that, if true, would entitle him to habeas relief. *See Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [Movant] is not entitled to an evidentiary hearing.").

### V.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Movant's Motion to Vacate Under 28 U.S.C. § 2255, **ECF No. [1]**, is **DENIED**.

2. A certificate of appealability is **DENIED** because Movant has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

3. The Clerk of Court is directed to **CLOSE** this case and mail a copy of this Order to Movant at the address of record.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 27, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 25-cv-21969-BLOOM

Copies to:

Counsel of Record

Didier Perez Perez, *PRO SE*
07651-506
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177
PRO SE